B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

In re   ANTHONY REDILA and NANCY BUSTILLO-REDILA  ,   Case No.   11-12225

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| PRA Receivables Management, LLC., as agent of Portfolio Recovery Associates, LLC | East Bay Funding, LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

PRA Receivables Management, LLC., as agent of Portfolio Recovery Associates, LLC
POB 41067
NORFOLK, VA 23541

Court Claim # (if known): 7
Amount of Claim: 10026.05
Date Claim Filed: 04/07/2011

Phone: 877-829-8298
Last Four Digits of Acct #: 0887

Phone:
Last Four Digits of Acct. #: 0887

Name and Address where transferee payments should be sent (if different from above):

Portfolio Recovery Associates, LLC
POB 12914
Norfolk, VA 23541

Phone: 877-829-8298
Last Four Digits of Acct #: 0887

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Dolores Garcia          Date: 6/15/2012
Transferee/Transferee's Agent
Bankruptcy_Info_@portfoliorecovery.com

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**LIMITED POWER OF ATTORNEY
IN CONNECTION WITH TRANSFER OF LOANS**
INVOLVING BANKRUPTCY PROCEEDINGS

1. Designation. SHERMAN ACQUISITION LLC, a Delaware limited liability company (the "Principal"), with its principal place of business at 200 Meeting St, Suite 206, Charleston, SC 29401 by and through Jon Mazzoli, its Authorized Representative, hereby designates Portfolio Recovery Associates, LLC, with its offices at 130 Corporate Blvd, Norfolk, VA 23502, as its attorney-in-fact for the Principal for the limited purposes and subject to the terms and duration herein set forth.

2. Effective Date; Duration. This limited power of attorney shall become effective upon execution by the Principal, to remain effective for the limited purposes set forth below until terminated by the Principal or the duration of said limited power of attorney expires. This power of attorney shall continue until revoked or terminated in accordance with Section 4.

3. Powers. The attorney-in-fact shall have the power to act in the place and stead of the Principal, solely for the purpose of effecting the transfer of that certain portfolio of loans sold by the Principal, as Transferor, to Portfolio Recovery Associates, LLC, as Transferee pursuant to the Chapter 13 Bankruptcy Receivables Purchase Agreement dated **February 27, 2012**. Such powers of the attorney-in-fact shall include the power and authority to do the following:

(a) Submit to the Clerks and or Trustees of the various United States Bankruptcy Courts, the requisite documentation required to effect a transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to certain loans, to Portfolio Recovery Associates, LLC, as Transferee. This authority includes the authority to submit on behalf of Principal a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

(b) Sign, seal execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever which may be necessary and proper to be done in or about the exercise of the power and authority hereinabove granted to the attorney-in-fact as fully to all intents and purposes as the Principal might or could do if personally present through a designated representative.

4. Termination. This power of attorney shall be terminated by: (a) the Principal by written notice to the attorney-in-fact; or (b) upon the close of business on February 27th, 2015.

5. Accounting. Upon request of the Principal, the attorney-in-fact shall account for all actions taken by the attorney-in-fact for or on behalf of the Principal.

6. Reliance. The attorney-in-fact and all persons dealing with the attorney-in-fact shall be entitled to rely upon this power of attorney so long as neither the attorney-in-fact, nor any person with whom the attorney-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Principal and any assigns or transferee of the Principal.

DATED this 28th day of **February 2012**

**Resurgent on behalf of Sherman Acquisition LLC**

By _____
Jon Mazzoli, Director

Portfolio Recovery Associates, LLC

By _____
Michael J. Petit, Senior Vice President